IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHA HARDISTY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-00307-E |
| | § | |
| FAMILY MOVING SERVICES INC et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Hardisty's Motion to Remand, which seeks to remand this case to the Dallas County Court at Law No. 5. (ECF No. 6). Having considered the Parties' briefing, applicable law, and docket of the state court proceeding,[1] the Court GRANTS Hardisty's Motion to Remand.

### I. BACKGROUND

**A. State Court Proceeding, Citation, and Service**

On July 27, 2022, Hardisty initiated litigation against Family Moving Services Inc. and Texas Movers Group, Inc., as asserted in her Plaintiff's Original Petition. (ECF No. 1-4 at 2-9). The state court case was assigned to Dallas County Court at Law No. 5—CC-22-04007-E; *Martha Hardisty vs. Family Moving Services, Inc, Texas Movers Group*. The Court takes judicial notice of the docket and documents in this state court proceeding. *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 327 (E.D. Tex. 2021) ("Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice.").

---

[1] Defendants' Notice of Removal contains the documents that comprise the documents in the State Court Proceeding—CC-22-04007-E in Dallas County Court at Law No. 5. (*See* ECF Nos. 1; 1-1; 1-2; 1-3; 1-4).

Hardisty alleges that "[o]n or about August 2020, the Defendants negligently handled, secured, and/or transported the Plaintiff's personal property, resulting in severe damages and/or loss to the property altogether." (ECF No. 1-4 at 5). Hardisty asserts claims of negligence and violations of the Texas Deceptive Trade Practices Act. (ECF No. 1-5 at 5-6). On July 27, 2022, Hardisty requested citation for service on "Family Moving Services, Inc" and "Texas Movers Group, Inc" as follows:

> Brad Kizzia
> Managing Partner
> bkizzia@kjpllc.com
>
> CC-22-04007-E
>
> July 27, 2022
>
> TO: Dallas County Court at Law
>
> RE: Martha Hardisty v Family Moving Services, Inc and Texas Movers Group, Inc
>
> Dear Clerk:
>
> Please issue citations on:
>
> Family Moving Services, Inc
> By delivering to registered agent Yaara Bachar
> 1225 W College Avenue #404
> Carrollton, Texas 75006
>
> Texas Movers Group, Inc
> By delivering to registered agent Bill Andis
> 908 N. Bowser Road
> Richardson, Texas 75081
>
> Please e-serve the citations back to our office when issued. Should you have any questions, please contact our office at 214-451-0164.
>
> Respectfully,
>
> s/ D. Bradley Kizzia
> DBK/la

(ECF No. 1-4 at 11). The Dallas County Clerk consequently issued the requested citations for service. (ECF No. 1-4 at 13-16). Hardisty served "***TEXAS MOVERS GROUP INC*** BY DELIVERING TO BILL ANDIS" on August 5, 2022. (ECF No. 1-4 at 17) (emphasis added in

bold italics).[2] On August 25, 2022, Texas Moving Co, Inc.—through its Executive Vice President, Bill Andis—filed a letter in the State Court Proceeding, which provides:

> You are hereby advised that ***Texas Moving Co, Inc.***, wholly owned subsidiary Texas Movers Group is no way connected nor have no working relationship Whatsoever with Family Moving Services.
> . . . .
> We have had no contact from Ms. Martha Hardisty, Plaintiff in this case.
>
> Texas Movers Group as owned by ***Texas Moving Co., Inc.*** 908 N. Bowser Rd., Exists in name only. We have no employees, we have no equipment and at Present provide no services.
> . . . .
> We respectfully request that we be advised that we have been removed from this complaint.

(ECF No. 1-4 at 21-22). This letter further attaches prior correspondence from Texas Moving Co., Inc. (referred herein as "Texas Moving Co.") to the Texas Department of Motor Vehicles, dated September 24, 2019, which states, *inter alia*:

> The Texas Secretary of State is erroneously referring dissatisfied customers of Texas Movers Group to us and the information being relayed is incorrect.
>
> We were issued the Corporate Name of TEXAS MOVERS GROUP on June 25, 2014, and is identified as No. 55041728 by the Texas Secretary of State, and our location is 908 N. Bowser Rd., Richardson, Texas 75081.
>
> Texas Department of Motor Vehicles shows that Certificate No. 006711542C was issued to ***Family Moving Services dba Texas Movers Group on February 12, 2019, 1225 Collage Avenue, Suite 404, Suite 400, Carrollton, Texas 75006***, copy attached.
>
> It appears, Luis, that all paperwork being used by Family Moving Services dba Texas Movers Group is identified only as Texas Movers Group with no mention of Family Moving Services — both on interstate and intrastate. No mention is made on any paperwork of a USDOT Number or a TexDOT Number.
>
> We are disgusted with our good name being used and the general public confusing us with Family Moving Services dba Texas Movers Group. We certainly hope some investigation can be made since no identity numbers are being used on any paperwork.

---

[2] On the state court docket, this document is labelled as an "Original Answer – General Denial." (ECF No. 1-3 at 3).

(ECF No. 1-4 at 23). The letter further attached documents to distinguish between the served Texas Moving Co. and "Family Moving Services dba Texas Movers Group." (ECF No. 1-4 at 21-31).

On September 9, 2022, Hardisty requested for the Dallas County Court Clerk to issue citation on "Family Moving Services, Inc" through the Texas Secretary of State, which the Dallas County Clerk provided. (ECF No. 1-4 at 32, 35-36). On November 3, 2022, the Texas Secretary of State certified a letter that stated its attempt at service on Family Moving Services Inc:



(ECF No. 1-4 at 37). The state court docket denotes this as a "return unexecuted." (ECF No. 1-3 at 3). On November 10, 2022, Hardisty moved for the state court to retain the case and for default

judgment against "Texas Movers Group Incorporated" and "Family Moving Services, Incorporated" (Hardisty's Motion for Default Judgment). (ECF No. 1-4 at 39-47). In support of Hardisty's Motion for Default Judgment, Hardisty argued:

> Plaintiff, as demonstrated in the timeline provided below and shown in the exhibits attached hereto, have [sic] exercised due diligence in attempting to locate and/or serve citation on Defendants:
>
> | | |
> |---|---|
> | Original Petition was filed | 7-27-22 |
> | Citation was issued on Family Moving Service. They were not found at their registered address. | 7-27-22 |
> | Texas Movers Group was served | 8-8-22 |
> | Texas Movers Group filed an answer stating Family Moving Services are using their name | 8-25-22 |
> | Citation directed to SOS Issued | 9-9-22 |
> | Process received by SOS | 9-19-22 |
> | Process forwarded to Defendant | 10-4-22 |
> | Process Returned to SOS Office | 10-17-22 |
> | Return filed | 11-3-22 |
>
> This clearly demonstrates Plaintiff's numerous attempts to properly proceed in this case. ***Further, Defendants have now been properly served.***

(ECF No. 1-4 at 30-40) (emphasis added in bold and italics). The certificate of service on Hardisty's Motion for Default Judgment provides that "a true and correct copy of the above and foregoing instrument ***has been forwarded to all counsel of record*** on the 10th day of November, 2022, in accordance with the Texas Rules of Civil Procedure." (ECF No. 1-4 at 43) (emphasis added in bold and italics). On November 17, 2022, the state court granted the motion to retain the case but did not grant the motion for default judgment. (ECF No. 1-4 at 56).

On January 27, 2023, Hardisty filed a certificate of last known mailing address for "the last known mailing address of the registered agent, Chlomi Ohana, for Family Moving Services, Inc., a Defendant in the above-entitled cause is: 4828 Pyramid Drive, Plano, Texas 75093." (ECF No. 1-4 at 68). Hardisty then, for the first time, requested issuance of citation for "Family Moving

Services, Inc" from the Dallas County Clerk through this second registered agent name and address:

> Brad Kizzia
> Managing Partner
> bkizzia@kjpllc.com
>
> January 27, 2023
>
> TO: Dallas County Court at Law
>
> RE: CC-22-04007-E Martha Hardisty v Family Moving Services, Inc and Texas Movers Group, Inc
>
> Dear Clerk:
>
> Please issue a citation on:
>
> **Family Moving Services, Inc**
> **By delivering to registered agent Chlomi Ohana**
> **4828 Pyramid Drive**
> **Plano, Texas 75093**
>
> Please e-serve the citations back to our office when issued. Should you have any questions, please contact our office at 214-389-1168.
>
> Respectfully,
>
> /s/ Lamont Aldridge
> Paralegal

(ECF No. 1-4 at 71) (emphasis added in bold italics). The Dallas County Clerk consequently issued the requested citation for service. (ECF No. 1-4 at 73-74). On February 6, counsel, for the first time, appeared on behalf of Defendant Family Moving Services, Inc. and Texas Movers Group, Inc. (ECF No. 1-4 at 76). The state court case docket shows Family Moving Services, Inc. as "Unserved." (ECF No. 1-3 at 6).

### B.  Procedural History in Federal Court and Motion to Remand

On February 9, 2023, Defendant "Family Moving Services, Inc. dba Texas Movers Group, Inc." removed the state court case to this Court. (ECF No. 1). The Court refers to Defendant Family

Moving Services, Inc. dba Texas Movers Group, Inc. as "FMS." In its notice of removal, which is based on complete preemption from the Carmack Amendment, FMS argues:

> After filing her Original Petition, Plaintiff has attempted to serve (*improperly named*) Defendant five (5) times. Each attempt has been unsuccessful. As such, in the more than six months since Plaintiff has filed her Original Petition, Plaintiff has failed to properly serve Defendant.

(ECF No. 1 at 2) (emphasis in original).

On March 9, 2023, Hardisty moved to remand this case back to the state court. (ECF No. 6). FMS responded, (ECF No. 7), and Hardisty has replied, (ECF No. 8). Having been fully briefed, the Motion to Remand is ripe for consideration.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the

well-pleaded complaint rule dictates that "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913)). There is, however, an exception to the well-pleaded complaint rule, known as the complete preemption doctrine. *Williams*, 482 U.S. at 393.

> "Complete preemption" is a jurisdictional doctrine sometimes invoked upon removal to federal court. *See* 14B Charles Alan Wright et al., Federal Practice & Procedure § 3722.2 (4th ed. 2016). The complete preemption doctrine provides that the preemptive force of some federal statutes is so strong that "it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," such that removal is possible. *GlobeRanger Corp. v. Software AG* ("*GlobeRanger I*"), 691 F.3d 702, 705 (5th Cir. 2012).

*Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). Although a plaintiff is generally "the master of the claim," where a defendant establishes complete preemption, the "artful pleading doctrine [ ] permits the court to look beyond the face of the plaintiff's complaint to determine if federal law 'so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Meisel v. USA Shade and Fabric Structures, Inc.*, 795 F.Supp. 2d 481, 485 (N.D. Tex. 2011) (quoting *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995)).[3]

---

[3] The doctrine of complete preemption is purely jurisdictional and is distinct from the affirmative defense of "ordinary preemption (variably called 'defensive preemption')." *Spear Marketing, Inc. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016). Thus, where a plaintiff's state law claim gives rise to federal removal jurisdiction under the doctrine of complete preemption, the claim is not necessarily "entirely preempted on the merits (meaning that [defensive] preemption provides a defense against only some portion of the state law claim, leaving a viable state law claim to be litigated on the merits)." *Spear Marketing*, 844 F.3d at 467 n.3. However, for a court to find that a state law claim is "completely preempted" but not "entirely preempted on the merits," the claim must be "based on multiple wrongful acts," at least one of which does not "violate rights that are equivalent to" the rights conferred by the preempting federal statute. *See Spear Marketing*, 844 F.3d at 467 n.3. (citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 709 (5th Cir. 2012)).

### III. ANALYSIS

As filed, Hardisty's Motion to Remand challenges no portion of the complete preemption doctrine as FMS asserted for its basis in removing to federal court—in accordance with the Carmack Amendment. *See* 49 U.S.C. § 14706(a)(1).[4] That is, the Parties do not dispute whether the federal jurisdiction exists under 28 U.S.C.A. § 1331 (enumerating federal question jurisdiction: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Instead, Hardisty argues FMS failed to meet the procedural requirements for removal: (i) whether FMS was served to begin the 30-day removal procedure deadline; (ii) whether FMS failed to seek removal within 30 days of any notice in accordance with 28 U.S.C. § 1446(b); and (iii) whether FMS failed to obtain the consent of Texas Moving Co.—as served through Bill Andis in the state court case, pro-se—as to the removal. The Court next addresses each of these bases.

#### A. Whether FMS Was Served

Hardisty first argues that "Defendant had notice on – at least – October 17, 2022, when notice was sent by the Texas Secretary of State's office; and that this matter was initially

---

[4] The Carmack Amendment provides in pertinent part that:

> [a] carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. **That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable *to the person entitled to recover under the receipt or bill of lading.*** The liability imposed under this paragraph is for the actual loss or injury to the property[.] . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1) (emphasis added in bold and bold italics). By its terms, Section 14706(a)(1) confers standing to sue under the Carmack Amendment to "the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1). Courts have interpreted this language in different ways, with some "[holding] that particular classes of persons are entitled to recover under the receipt or bill of lading[,]"[1] and others looking instead to the text of a specific "bill of lading, rather than an abstract classification system, to determine whether" a party is entitled to sue under the Carmack Amendment. *OneBeacon Insurance Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1098 (9th Cir. 2011); *see, e.g.*, *Shamoun v. Old Dominion Freight Line, Inc.*, No. 3:19-CV-2034-G, 2020 WL 570903, at *4 (N.D. Tex. Feb. 4, 2020) (collecting cases).

removeable and failed to seek removal within thirty (30) days of any notice." (ECF No. 6 at 3). In response, FMS argues it did not receive such notice and has, otherwise, not been served at any time. (ECF No. 7 at 2-6). In reply, Hardisty avers Plaintiff served "Defendant" on October 17, 2022 by service on the Texas Secretary of State. (ECF No. 8 at 3). The Court disagrees.

If service of process is not executed in strict compliance with Texas state law, a court will not acquire proper jurisdiction over a defendant. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973). Texas law permits the Texas Secretary of State to serve as the substituted service for an entity under certain circumstances: "[t]he secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if: . . . the entity is a filing entity . . . ***and*** . . . ***the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity***[.]" Tex. Bus. Orgs. Code Ann. § 5.251 (emphasis added in bold italics). Under Texas law, the record of service must affirmatively show that the plaintiff used reasonable diligence in attempting to serve the registered agent at the registered office *before* undertaking substituted service on the Texas Secretary of State. *See Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 714 (N.D. Tex. 2021) (discussing the same in the context of a foreign corporation) (citing *Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.)); *see also Acadian Properties Austin, LLC v. KJMonte Investments, LLC*, 650 S.W.3d 98, 107 (Tex. App.—El Paso 2021, no pet.) (discussing the same requirement for plaintiff to use "reasonable diligence" in attempting to service a defendant before serving the Secretary of State) (collecting cases); *In re FDB Pools, Inc.*, 541 S.W.3d 391, 394 (Tex. App.—Amarillo 2018, no pet.) (per curiam) (discussing the same and explaining "[t]he statutory burden is "reasonable" diligence, nothing more, nothing less.).

Service on the Texas Secretary of State under Section 5.251 is effected by:

> (1) delivering to the secretary duplicate copies of the process, notice, or demand; and (2) accompanying the copies with any fee required by law, including this code or the Government Code, for: (A) maintenance by the secretary of a record of the service; and (B) forwarding by the secretary of the process, notice, or demand.

Tex. Bus. Orgs. Code § 5.252(a)(1-2). After forwarding the process, the Texas Secretary of State issues a certificate of service, which conclusively establishes that process was served. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam)). This certificate, commonly known as a *Whitney* certificate, establishes that the Court has personal jurisdiction over the party served. *See Whitney*, 500 S.W.2d 94, 96-97.

As discussed hereabove, the state court docket shows FMS as unserved. (ECF No. 1-3 at 3, 6; ECF No. 1-4 at 37). The state court docket shows no attempts at service on FMS as for the citation issued on July 27, 2022—to the registered agent Yaara Bachar 1225 W[.] College Avenue #404 Carrollton, Texas, 75006. (*See* ECF No. 1-3 at 2; ECF No. 1-4 at 13-14). Although Hardisty's Motion for Default Judgment argues that "[FMS] were not found at their registered address," neither affidavit, return of service, nor any other evidence substantiates such an assertion. (ECF No. 1-4 at 40). Hardisty relies on the *Whitney* certificate, which (i) shows copies of this citation and Plaintiff's Original Petition were forwarded to the Yaara Bachar 1225 W[.] College Avenue #404 Carrollton, Texas, 75006, registered agent's address but also (ii) shows:

> "The PROCESS was returned to this office on October 17, 2022, Bearing The Notation **Forward Time Expired, Return To Sender**, Family Moving Services Inc, 4490 Beltway Dr., Addison, TX 75001-3705."

(ECF No. 1-4 at 37). Hardisty thereafter certified that the registered agent for FMS was "Chlomi Ohana" with a corresponding address of "4828 Pyramid Drive, Plano, Texas 75093." Nothing in the record shows any attempt at service on FMS as to this second "Chlomi Ohana" registered agent.

Under these circumstances, Hardisty has state court citations for FMS at two differently-named and addressed registered agents. No affidavit or other evidence in the state court docket shows any attempt to directly serve FMS through either of these registered agents before Hardisty attempted to serve FMS through the Secretary of State—the *Whitney* certificate. (ECF No. 1-4 at 37). The record contains no evidence that Hardisty used reasonable diligence to serve FMS prior to serving the Texas Secretary of State. Hardisty has not met the prerequisite for service on FMS through the Texas Secretary of State. *See* Tex. Bus. Orgs. Code § 5.251. Accordingly, the *Whitney* certificate did not effectuate service on FMS. *See Dan-Bunkering*, 561 F. Supp. 3d at 714; *Rice*, 29 S.W.3d at 176; *Acadian Properties Austin*, 650 S.W.3d at 107; *In re FDB Pools*, 541 S.W.3d at 394.[5] Furthermore, nothing in the record indicates FMS was otherwise served at any time. On this record, the Court must conclude FMS was not served.

## B. Whether FMS failed to seek removal within 30 days of any notice in accordance with 28 U.S.C. § 1446(b)

28 U.S.C. § 1446 enumerates the general procedure for removing civil actions from state court to a federal district court. *See* 28 U.S.C. § 1446. Pertinent here, 28 U.S.C. § 1446 provides:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.--(1)** *The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed*

---

[5] *See also, e.g.*, *J & J Container Mfg., Inc. v. Cintas-R. U.S., L.P.*, No. 01-14-00933-CV, 2015 WL 5829667, at *4 (Tex. App.—Houston [1st Dist.] Oct. 6, 2015, no pet.) (mem. op.) (discussing that there must be at least one attempt to serve the registered agent at its registered office before resorting to substituted service.); *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827-28 (Tex. App.—Eastland 2012, no pet.) (mem. op.) (record must show at least one attempt at service on registered agent at registered office).

> *in court and is not required to be served on the defendant, whichever period is shorter.*
>
> **(2)(A)** *When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.*
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

28 U.S.C. § 1446. FMS bases its removal, *inter alia*, on section 1441(a). (ECF No. 1 at 1-4); *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

As discussed above, Hardisty has not formally served FMS. Nothing in the record supports FMS's receipt of the initial pleading prior to removal. Thus, the 30-day requirement for removal of a civil action—which is triggered "*after* the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court"—was not triggered when FMS removed the case to this Court. *See* 28 U.S.C. § 1446(b); (ECF No. 1). Thus, the Court concludes FMS has not failed to seek removal in accordance with the 30-day deadline in 28 U.S.C. § 1446(b).[6]

---

[6] Neither party briefs nor argues that a defendant's removal to federal court before service is improper. *See generally Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697, 701 (N.D. Tex. 2020) (discussing "snap removal" prior to service in the context of diversity jurisdiction and the forum-defendant rule). No part of 28 U.S.C § 1446 requires a defendant to have been served before initiating the removal process. *See* 28 U.S.C. § 1446.

### C. Whether FMS Failed to Obtain Consent for Removal from Texas Moving Co, Inc.

Last, Hardisty argues that FMS's removal was improper because FMS did not obtain consent from the served "Texas Moving Co, Inc." to remove to federal court. (ECF No. 6 at 2). In response, FMS argues (i) that Texas Moving Co, Inc. was improperly joined into this case as an "improper party" and (ii) Texas Moving Co, Inc. has subsequently consented to the removal. (ECF No. 7 at 9-10).

"The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Intern. Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 326–27 (5th Cir. 1970) (internal citations omitted); *see Rico v. Flores,* 481 F.3d 234, 239 (5th Cir.2007) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir.1988)). This long-standing interpretation is often referred to as the "unanimity rule" or the "unanimous consent rule." *See Acosta v. Master Maint. & Constr. Inc.,* 452 F.3d 373, 375 (5th Cir. 2006) (referring to "unanimity rule"); *Doe v. Kerwood,* 969 F.2d 165, 169 (5th Cir.1992) (referring to "unanimous consent rule"). "The rationale for this requirement is that a plaintiff should only be required to proceed against multiple defendants in one action." *Sillas v. Sillas,* 2008 WL 755256, at *2 (N.D. Tex. 2008) (internal quotation marks and citations omitted); *see also Chi. Rock Island & Pac. Ry. v. Martin,* 178 U.S. 245, 248 (1900) ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint.") (internal quotation marks omitted). "Under the general rule, the failure to include all defendants properly joined and served in the state action renders the notice of removal defective." *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) (citing *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria*

*Ceramica*, 855 F.Supp. 163, 165 (N.D. Tex. 1994). Regarding application of the rule of unanimity, another court in the Northern District of Texas has explained:

> The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required. *See Davis,* 2012 WL 4189511, at *1. And, "[w]hile pleadings, and consequently removal notices, are to be construed with some liberality, [the Removing] Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal." *Hinojosa v. Perez,* 214 F.Supp.2d 703, 707 (S.D. Tex. 2002). As such, ***"if a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary."*** *Alford v. Chevron, Inc.,* Civ. A. No. 13–5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (internal quotation marks omitted).

*Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (emphasis added in bold italics) (discussing removal based on diversity jurisdiction). The Court adopts the reasoning of *Breitling*. 86 F. Supp. 3d at 570.

It is undisputed that FMS did not obtain Texas Moving Co.'s consent to removal prior to filing its notice of removal. (ECF No. 1). The notice of removal makes no reference (i) to Texas Moving Co., generally; (ii) that Texas Moving Co. has been served; (iii) whether Texas Moving Co. has consented to removal; nor (iv) explaining affirmatively why consent from Texas Moving Co. was unnecessary. (*See* ECF No. 1). Nothing in the record prior to removal indicates Texas Moving Co.'s consent to removal. Although FMS argues Texas Moving Co. was improperly joined in response to the motion to remand,[7] FMS did not make such argument in its notice of removal. (*See* ECF No. 1).[8] Although FMS argues that Texas Moving Co. has since consented to removal—

---

[7] FMS's response to the motion to remand argues "[t]he unanimity requirement, however, does not apply since Texas Movers Group, Inc. is an improperly named defendant and they have consistently stated such." (ECF No. 7).

[8] However, the notice of removal does aver that FMS was "*improperly named.*" (ECF No. 1 at 1) (emphasis in original).

---

as of April 3, 2023, 53 days after the notice of removal—FMS directs the Court to no law that such post-removal consent is effective for a previously-served defendant's consent to removal.

In *Syngenta Crop Protection Inc. v. Henson,* 537 U.S. 28, 32 (2002), the Supreme Court reiterated that the statutory procedures for removal are to be strictly construed. Here, FMS has not met the procedure(s) for removal. "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez*, 543 F.3d at 251. The Court GRANTS Plaintiff's Motion to Remand on this basis.

### IV. CONCLUSION

For the reason(s) enumerated hereabove, the Court IMMEDIATELY REMANDS this proceeding to Dallas County Court at Law No. 5, Cause No. CC-22-04007-E. IT IS ORDERED THAT this case is REMANDED to Dallas County Court at Law No. 5, Cause No. CC-22-04007-E, for further proceedings.

**SO ORDERED.**

22nd day of March, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE